```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

SHAKEEB AHMED,

    Defendant.

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY AND
SUBSTITUTE ASSETS/
MONEY JUDGMENT

S1 23 Cr. 340 (VM)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    WHEREAS, on or about December 14, 2023, SHAKEEB AHMED (the "Defendant") was charged in a one-count Superseding Information, S1 23 Cr. 340 (VM) (the "Information"), with accessing a protected computer without authorization in furtherance of fraud, in violation of Title 18, United States Code, Section 1030(a)(4), 1030(c)(3)(A) (Count One);

    WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1030(i), of any and all property, real or personal, constituting or derived from, any proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Information;

    WHEREAS, on or about December 14, 2023, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, to the United States, pursuant to Title 18, United States Code, Section 1030(i) and Title 28, United States Code, Sections 2461(c), a sum of money equal to $12,336,749.11 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $12,336,749.11 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained (the "Money Judgment");

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the following property which constitutes proceeds of the offense charged in Count One of the Information that the Defendant personally obtained: (a) cryptocurrencies in the amounts of approximately 2,604,731 DAI, 5,513.838 XMR, 23.663 BTC, 15.912 Wrapped BTC, 300,192 USDC, 6.221425 ETH, and 8.8452 SOL; and (b) cryptocurrencies in the amount of 40.26 XMR, which were seized by the Government on or about July 11, 2023 (collectively, the "Specific Property");

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect any other assets traceable to the proceeds of the Defendant's offense, other than the Specific Property, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has located the following additional assets of the Defendant:

   a. $100,000 in United States currency deposited by the Defendant with the Clerk of the Court of the Southern District of New York which secured his personal recognizance bond as a condition of his release in this case (the "Substitute Asset");

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Substitute Asset as a substitute asset to be applied towards satisfaction the Money Judgment that will be entered against the Defendant;

WHEREAS, the Defendant agrees to make a payment to the Government in the

amount of $366,000 in United States currency towards the satisfaction of his forfeiture money judgment obligation on or before the date of the Defendant's sentencing in this case (the "Payment");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property and the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Kevin Mead and David Felton of counsel, and the Defendant, and his counsel, Bradley Bondi, Esq., and Adam Schwartz, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $12,336,749.11 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. The Defendant shall make the Payment to the Government on or before the date of Defendant's sentencing in this case (the "Time Period").

3. Upon receipt of the Payment within the Time Period and the entry of a Final Order of Forfeiture with respect to the Specific Property and Substitute Asset, the Government shall deem the Money Judgment fully satisfied.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number

5.      The United States Department of Treasury or its designee shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property and the Substitute Asset are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

7.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant, SHAKEEB AHMED, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

8.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and the Substitute Asset and to hold such property in its secure custody and control.

9.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) and 32.2(e) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii)

of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property or Substitute Asset must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property or Substitute Asset, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property or Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property or Substitute Asset, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and Substitute Asset pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property and Substitute Asset forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13. In the event the Defendant fails to make the Payment or the Government fails to obtain a Final Order of Forfeiture with respect to the Specific Property or with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

14. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

15. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Asset/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          12/11/2023
    Kevin Mead                                    DATE
    David Felton
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2211

SHAKEED AHMED

By: _____          12/10/23
    Shakeeb Ahmed                                 DATE
    Defendant

By: _____          12/11/2023
    Bradley J. Bondi, Esq.                        DATE
    Adam Schwartz, Esq.
    Attorneys for Defendant

SO ORDERED:

_____              1/8/2024
Victor Marrero                              DATE
U.S.D.J.